IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DOUGLAS SWARINGEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-00073-O-BP |
| | § | |
| OFFICER DARYL BELL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On June 19, 2018, this *pro se* civil rights case was assigned to the undersigned for judicial screening pursuant to *Special Order 3-251*. Before the Court is Plaintiff Douglas Swaringen's ("Swaringen") Complaint (ECF No. 1) filed on May 23, 2018; the Court's Questionnaire to Plaintiff (ECF No. 6) entered on July 12, 2018 and his Response (ECF No. 8) filed on August 28, 2018; the Court's Amended Supplemental Questionnaire to Plaintiff (ECF No. 10) entered on September 11, 2018 and his Response (ECF No. 12) filed on October 10, 2018; Swaringen's Motion for a Restraining Order (ECF No. 14) filed on October 18, 2018; and the Court's Second Supplemental Questionnaire to Plaintiff (ECF No. 16) entered on November 14, 2018 and his Response (ECF No. 17) filed on December 14, 2018.

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this action **WITH PREJUDICE**. The undersigned further **RECOMMENDS** that to the extent Swaringen's claims against Defendant Officers Jacob Hoffstetler and Fergusson are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), those claims should be **DISMISSED WITH PREJUDICE**, but Swaringen should be permitted to reassert them when the conditions under *Heck* are met. *Johnson v. McElveen*, 101

F.3d 423, 424 (5th Cir. 1996) (per curiam). Swaringen's Motion for a Restraining Order (ECF No. 14) should be **DENIED**.

## I.     FACTUAL BACKGROUND

Named as defendants in the Complaint are Officers Daryl Bell, Christopher Denny, Jacob Hoffstetler, and a female officer whose last name is Fergusson; Judges John Bullock and Gina Brown; and the City of Graham, Texas ("the City"). The text of the Complaint consists of the following handwritten paragraph:

> The above have unlawfully imprisoned and violated my rights by impounding and searching my car. These are only the latest in offenses that go back to 1999. I filed a demand for a Trial by Jury in 2012 that they have swept under the rug and even refuse to refund my filing fee.

(ECF No. 1 at 1). Attached to the Complaint is a six-page document titled "Complaint for Damages Civil Rights Violations" filed in Case No. 31935 in the U.S. District Court for the 92nd District of Texas." (ECF No. 1-1 at 1). Although the file-stamp is not entirely legible, the attached document apparently was filed with the District Clerk of Young County, Texas on or about November 13, 2012 based upon the presence of two verifications at the end of the document signed by a Notary Public on November 8, 2012. (*Id.* at 5-6).

To clarify Swaringen's claims, the Court sent him a questionnaire, a supplemental questionnaire, an amended supplemental questionnaire, and a second supplemental questionnaire seeking additional information. (ECF Nos. 6, 9, 10, and 16). In response to the Court's initial questionnaire, Swaringen repeated many of the same claims that he alleged in the state court pleading that he attached to the Complaint. (ECF Nos. 1-1 and 8). In addition, he claimed that Officers Bell and Denny forcefully arrested him, threatened to tase him, and made racist comments; Judges Bullock and Brown "push[ed] corporate regulations . . . and commit[ed] fraud

against [him] . . . ;" and (3) the "'City of Graham' is a for profit corporation that is sucking the wealth out of it's [sic] human population to enrich the 'Elite.'" (ECF No. 8. at 4-8).

Because Swaringen's response to some of the Court's questions was incomplete, the Court inquired further. Question one of the amended supplemental questionnaire asked Swaringen to "[i]dentify the criminal . . . offenses that [he] claim[s] were wrongfully brought against [him] and state the date(s), including month, day, and year . . . on which the . . . charges were dismissed by the court." (ECF No. 10 at 2). In response, he stated that he was charged with public intoxication, fighting, resisting arrest, and injury to an officer in 2012. (ECF No. 12 at 2, 8). When questioned about the date on which Officer Bell violated his civil rights, Swaringen responded, "I honestly have no idea. It's all in their records. It was Spring or early Summer best I can remember." (*Id.* at 3). Swaringen later responded to a separate question that Officers Bell and Denny arrested him in 2012. (*Id.* at 9).

Question fourteen of the amended supplemental questionnaire asked Swaringen to "[s]tate all facts known to [him] that [he] rel[ies] on to establish that Officer Jacob Hoffstetler violated [his] civil rights." (ECF No. 10 at 15). Swaringen responded that he received notice of a court date in connection with a ticket that Officer Hoffstetler had given him for driving without a valid driver's license. (ECF No. 12 at 15). Swaringen did not state when the hearing was to take place, but he said that the hearing was postponed. (ECF No. 17 at 2, 4). He alleged that on January 16, 2018, Officer Hoffstetler stopped him while driving because of a faulty brake light. (*Id.* at 5-6). Swaringen claimed that during the traffic stop, Officer Hoffstetler arrested him for "resisting arrest" with the assistance of Officer Fergusson, whose first name he believes is "Lori," but he is unsure. (ECF No. 12 at 15; ECF No. 17 at 3).

Swaringen stated that the traffic stop and subsequent arrest constituted "harassment" and "abuse of authority." (ECF No. 17 at 6). He claimed that Officer Hoffstetler had "[n]o reason to even stop [him]" given that he inspected his brake lights thereafter, and they were in good working condition, though Swaringen admitted that he replaced the bulbs nonetheless. (*Id.*). As to Officer Fergusson, Swaringen alleged that she and Officer Hoffstetler committed assault and aggravated kidnapping when they arrested him. (ECF No. 12 at 16-17). In response to question seven, Swaringen alleged Officer Hoffstetler injured his head, though he did not describe the extent of the injury. (ECF No. 17 at 7). Swaringen also stated that the charges from the 2018 arrest were not dismissed, and there apparently was a trial on those charges. (*See* ECF No. 17 at 1). Swaringen stated that he demanded that the DVD of a dash camera and body camera of the arrest be played at his trial, "but they did not and would not let me play it because I didn't know I had to file paperwork to play it!" (*Id.*). Swaringen did not allege any additional facts in connection with the 2018 arrest and apparent subsequent trial.

In response to question eight of the second supplemental questionnaire, Swaringen stated that the relief he requests from Officers Hoffstetler and Fergusson was that they be arrested for aggravated kidnapping and assault. (ECF No. 17 at 8).

Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of the website for Young County, Texas and the website for inRembrance.org. The Court notes that Defendant Gina Brown formerly served as the Municipal Judge of the City and that she died on September 8, 2013. *See* http://www.inremembrance.org/texas/graham/gina-brown/1532 (last visited June 12, 2019). The Court further notes that Defendant John Bullock is the duly elected County Judge of Young County, Texas, which office he has held since January 1, 2011. *See* http://www.co.young.tx.us/page/young.County.Judge (last visited June 12, 2019). Judge Bullock

hears Class A and B criminal misdemeanors, certain cases appealed from the justice and municipal courts, and a range of civil matters including probate, mental health issues, guardianship, and juvenile cases. *Id.*

## II.  LEGAL STANDARD

### A.  *Pro Se* Standard

Particular to a *pro se* party, courts must liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B.  *In Forma Pauperis* Screening Standard

A district court "shall dismiss" a case brought *in forma pauperis* "at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). To aid the court in determining whether it should dismiss an *in forma pauperis* complaint, the Fifth Circuit has approved the use of questionnaires and evidentiary hearings. *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). Responses to these questionnaires and hearings become part of the pleadings. *Eason v. Holt*, 73 F.3d 600,

602 (5th Cir. 1996). In accordance with these authorities, the Court reviewed Swaringen's Original Complaint (ECF No. 1) and Responses to the Court's Questionnaires (ECF Nos. 8, 12, 17), in each of which he proceeds *in forma pauperis*.

**C.     Standard for 42 U.S.C. § 1983 Claims**

"Section 1983 provides a claim against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State' violates another's constitutional rights." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014) (quotation omitted). "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

**D.     Statute of Limitations for 42 U.S.C. § 1983 Claims**

Congress has not adopted a statute of limitations for actions brought under 42. U.S.C. § 1983. The limitations period is determined by reference to the appropriate state statute of limitations and coordinate tolling rules. *Bd. Of Regents of the Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 483-84 (1980). District courts apply the forum state's personal injury limitations period for § 1983 actions. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). The Texas general personal injury limitations period is two years. *Id.*; Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2002).

Although the statute of limitations is governed by Texas law, federal law determines when a cause of action under 42 U.S.C. § 1983 accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). "Ordinarily, a cause of action under section 1983 accrues when the plaintiff

'knows or has reason to know of the injury which is the basis of the action.'" *Price v. City of San Antonio*, 431 F.3d 890, 893 (5th Cir. 2005) (per curiam) (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)). Like a false arrest claim, the statute of limitations for a wrongful arrest claim "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

E.  **Standard for Judicial Immunity**

Judicial immunity is an absolute immunity from suit, not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith, malice, or corruption do not overcome judicial immunity. *Id.* Judicial immunity is inapplicable only when: (1) a judge takes an action that is not within his or her official capacity; or (2) as it concerns judicial actions "taken in the complete absence of all jurisdiction." *Id.* Courts must construe jurisdiction broadly for purposes of judicial immunity. *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

F.  **No Private Right of Action for Criminal Violations**

"Courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Back v. UTMB*, No. 6:15-CV-129, 2016 WL 9455135, at *2 (W.D. Tex. Apr. 7, 2016); *see Williams v. Cintas Corp.*, No. 3:07-CV-0561-M, 2007 WL 1295802 (N.D. Tex.), *adopted by*, No. 3:07-CV-0561-M, 2007 WL 1300780 (N.D. Tex. May 2, 2007); *see also Fields v. Nelms*, No. 3:15-CV-0879-P, 2015 WL 3407955 (N.D. Tex.), *appeal dismissed*, No. 15-10538, (5th Cir. Aug. 24, 2015).

### III.  ANALYSIS

A.  **Swaringen's Claims against Officers Denny and Bell are Barred by Limitations**.

Swaringen claims that Officers Denny and Bell wrongfully arrested and detained him

sometime prior to 2012. (ECF Nos. 1, 8, 12). He asserts that they "forcefully" arrested him for public intoxication, fighting, resisting arrest, and injury to an officer. (ECF No. 12 at 2, 9). He also alleges that they threatened to tase him and made racist remarks towards him during the arrest. (ECF No. 8 at 3).

A warrantless arrest is wrongful or unlawful when it violates state law or there is no probable cause for an officer "to believe that the suspect has committed or is committing an offense." *Virginia v. Moore*, 553 U.S. 164, 173 (2008) (*citing Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979)). A false arrest claim is based upon detention without legal process. *Wallace*, 549 U.S. at 389. A claim for false arrest "where the arrest is followed by criminal proceedings" accrues when the Plaintiff becomes "detained pursuant to legal process." *Id.* at 397.

Swaringen's Complaint and responses to the Court's questionnaires do not clearly state when Officers Denny and Bell allegedly violated Swaringen's constitutional rights. He stated that he does not "remember [the] dates or order [of the alleged § 1983 violations]" because "it has been so far back." (ECF No. 8 at 11). However, he asserted that his wrongful arrest and detention claims started as far back as 1999. (ECF No. 1). Those claims cannot be more recent than November 13, 2012, the date when he filed his state court lawsuit, because Swaringen described the actions of Officers Denny and Bell in the pleadings attached to his Complaint. (ECF No. 1-1). Swaringen's response to the Court's amended supplemental questionnaire states that Officers Denny and Bell arrested him in 2012 and that his "bondsman said the last of the charges [were] dismissed on 12/13 I think in 2012." (ECF No. 12 at 2, 9). Thus, Swaringen knew or had reason to know of the injuries that are the basis of his claims against Officers Denny and Bell by 2012. Consequently, Swaringen's claims against Officers Denny and Bell are barred by limitations because he filed his Complaint more than two years after his claims against them

arose. *Moore v. McDonald*, 30 F.3d at 620; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2002). Accordingly, Swaringen's claims against Officers Denny and Bell should be dismissed with prejudice as barred by the statute of limitations.

**B.     Swaringen's Claims Against Officers Hoffstetler and Fergusson in Their Official Capacity are Redundant, are of No Legal Consequence, and should be Dismissed**.

Swaringen alleges that on January 16, 2018, Officers Hoffstetler and Fergusson committed assault and aggravated kidnapping when they arrested him for "resisting arrest" in connection with a traffic stop for a faulty brake light. (ECF No. 17 at 2-3, 5-6). Swaringen does not specify whether he sued the officers in their official or individual capacities.

To the extent he sued them in their official capacity, their "liability is coextensive with that of the City . . . ." *Holland v. City of Houston*, 41 F. Supp. 2d 678, 689 (S.D. Tex. 1999). "Official-capacity lawsuits are typically an alternative means of pleading an action against the governmental entity involved." *Id.* (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Thus, a suit against Officers Hoffstetler and Fergusson in their "official capacity is not a suit against [them] personally, but rather is a suit against [their] office." *Holland*, 41 F. Supp. 2d at 689 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 n.55 (1978); *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996)). As a result, and because Swaringen is pursuing a separate claim against the City, these claims should be dismissed as redundant and are of no legal consequence. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). The dismissal should be with prejudice. *See Reynolds v. City of Poteet*, No. SA:12-CV-0112-DAE, 2013 WL 594731, at *3 (W.D. Tex. Feb. 15, 2013).

9

**C.     Swaringen's Claims against Officers Hoffstetler and Fergusson in Their Individual Capacities should be Dismissed Under *Heck*.**

To the extent Swaringen seeks to recover against Officers Hoffstetler and Fergusson in their individual capacities arising out of an alleged false arrest, his claims necessarily challenge his apparent conviction of the offense of resisting arrest. Swaringen apparently went to trial on the resisting arrest charge as indicated in his responses to the Court's second supplemental questionnaire. (*See* ECF No. 17 at 1). Swaringen's claims that Officers Hoffstetler and Fergusson violated his constitutional rights in connection with his arrest on that charge necessarily question his conviction of that charge. Under *Heck*, any such challenge must be dismissed unless Swaringen demonstrates that the decision resulting in his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486–87. Swaringen has made no such showing here. Dismissal pursuant to *Heck* should be with prejudice, precluding a plaintiff from reasserting such claims unless he can demonstrate that the *Heck* conditions have been satisfied. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27–28 (5th Cir. 1994).

**D.     Swaringen's Claims against Judges Bullock and Brown and the City Fail because They do Not State a Claim upon which Relief can be Granted.**

Swaringen alleges that Judges Bullock and Brown are criminal conspirators who violated his civil rights by "pushing corporate regulations and statutes under the Color of Law and committing fraud against [him] . . . ." (ECF No. 8 at 6-7). Swaringen further alleges that the City violated his civil rights because it "is a for profit corporation that is sucking the wealth out of it's [sic] human population to enrich the 'Elite' . . . [and that] [t]here are no Constitutional provisions for a 'Police force.'" (*Id.* at 6). Swaringen did not allege new or different claims against Judges

10

Bullock and Brown or the City in his responses to the Court's subsequent questionnaires. (ECF No. 12, 17).

Even after liberally construing Swaringen's Complaint (ECF No. 1) and responses to the Court's questionnaires (ECF Nos. 8, 12, and 17), Swaringen failed to state a claim against Judges Bullock and Brown and the City. "Within the universe of theoretically provable facts, there exists no set which can support a cause of action" against Judges Bullock and Brown and the City. *Covington*, 528 F.2d at 1370.

Judge Bullock enjoys judicial immunity from civil actions for any judicial act over which his court has jurisdiction. *Stump*, 435 U.S. at 356 (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Mireles*, 502 U.S. at 11. Allegations of bad faith, malice, or corruption do not overcome judicial immunity. *Id.* Judicial immunity is inapplicable only when: (1) a judge takes an action that is not within his or her official capacity; or (2) as it concerns judicial actions "taken in the complete absence of all jurisdiction." *Id.* Courts must construe jurisdiction broadly for purposes of judicial immunity. *Adams*, 764 F.2d at 299 (citing *Stump*, 435 U.S. at 356-57). As noted above, Judge Gina Brown is deceased, but any claims against her for actions that she took in furtherance of her judicial office likewise would be barred by judicial immunity.

Swaringen alleges that Judges Bullock and Brown engaged in corruption and bad faith acts. (ECF No. 8 at 6). He fails to state a claim upon which relief can be granted because Judges Bullock and Brown enjoy or formerly enjoyed judicial immunity, and Swaringen did not allege any exception to the doctrine of judicial immunity. Accordingly, his claims against Judges Bullock and Brown should be dismissed with prejudice. *Hunter v. Rodriguez*, 73 F. App'x 768 (5th Cir. 2003).

Swaringen's claims against the City likewise are unavailing. The Supreme Court held that "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Thus, a § 1983 plaintiff cannot merely assert a claim against local government under a *respondeat superior* theory. *Id.* Instead, a plaintiff must allege that the local government's policy or custom caused his constitutional injury. Swaringen fails to do so. His claims that the City is a for-profit enterprise that is being operated for the elite at the expense of other people fails to state a cause of action and is frivolous. Thus, Swaringen's claims against the City should be dismissed with prejudice.

**E.     Swaringen's Request that Officers Hoffstetler and Fergusson be Arrested for Assault and Aggravated Kidnapping should be Denied for Failure to State a Cause of Action**.

Private citizens generally lack standing to obtain the prosecution of other people for criminal violations. *Brumbaugh v. Rehnquist*, No. 2:01-CV-0107, 2001 WL 376477, at *1 (N.D. Tex. Apr. 13, 2001) ("[T]he prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys."). Swaringen lacks standing to assert that Officers Hoffstetler and Fergusson violated Texas' criminal laws by allegedly committing assault and aggravated kidnapping, and that they should be punished by the Court. Even if such claims were not barred by *Heck*, his patently frivolous request that Officers Hoffstetler and Fergusson be arrested should be dismissed with prejudice.

**F.     Swaringen's Motion for a Restraining Order should be Denied**.

For the reasons previously stated, Swaringen failed to allege a viable cause of action against the defendants named in this case. "[A]n injunction is a remedy that must be supported by an underlying cause of action . . . ." *Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015)

(per curiam). The undersigned's recommendation that Swaringen's claims be dismissed also should result in the denial of his Motion for a Restraining Order (ECF No. 14). Accordingly, Swaringen's claim for injunctive relief should be denied.

**G.     Swaringen's Claims should be Dismissed with Prejudice**.

Normally, a *pro se* plaintiff, like Swaringen, is offered an opportunity to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). But where plaintiff stated his best case through court-issued questionnaires, then the Court may dismiss his claims with prejudice. *Nixon v. Abbott*, 589 Fed. App'x 279 (5th Cir. 2015) (per curiam). Here, Swaringen responded to the Court's four questionnaires. Under these circumstances, the undersigned concludes that Swaringen stated his best case, and his claims should be dismissed with prejudice.

## IV.     CONCLUSION AND RECOMMENDATION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this action **WITH PREJUDICE**. The undersigned further **RECOMMENDS** that to the extent Swaringen's claims against Defendant Officers Jacob Hoffstetler and Fergusson are barred by *Heck*, 512 U.S. at 486–87, those claims should be **DISMISSED WITH PREJUDICE**, but Swaringen should be permitted to reassert them when the conditions under *Heck* are met. *Johnson*, 101 F.3d at 424. Swaringen's Motion for a Restraining Order (ECF No. 14) should be **DENIED**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection

must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED June 13**, **2019**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE